UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRAYON WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-CV-00088 JSD ) |
| STATE OF MISSOURI, | ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Brayon Williams, to proceed in the district court without prepaying fees and costs. [ECF No. 2]. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee. Additionally, for the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## Background

Plaintiff Brayon Williams was paroled from the Northeast Correctional Center in Bowling Green, Missouri in approximately 2022. Since that time, he has filed fourteen (14) actions in this Court seeking review of his civil rights pursuant to 42 U.S.C. § 1983.

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against the State of Missouri, specifically the Missouri Supreme Court, alleging violations of his constitutional rights. Plaintiff's claims are as follows:

> February 23 2021 the Supreme Court took a cause of action filed by myself prose [sic] under signature assigned Wilbj for subject matter described under cause number 20AR-CR00362-01, where I Brayon Williams believed I was the victim of actions by law enforcement whose conduct whose conduct went in conflict, or appeared to be in conflict with the United States Constitution's regulations on governmental intrusions of liberty, life and the pursuit of happiness guaranteed by the United States Constitution in which executive, legislative, and judicial actors swore to uphold and protect. I made such appearant [sic] improprieties clear to the Supreme Court after Associate Circuit Judge for Adair County, Kristie Swaim, ignored this information as reported and found that the subject was not suffiecient [sic] to find penalty under felony conduct, though [sic] such actions as subjected under this cause finds no authorization to be administered in our United States Constitution, the actions went ignored by the Supreme Court and the Attorney General, while allowing me to be convicted for felony, where such a crime as possessing a controlled substance compares to treason, corruption, priacy [sic], murder, rape, ect. [sic]. Where I affected [sic] no other person and I was justified where no justification was necessary to excuse my presence in the restroom of a gas station during store hours without causing my own demise. The Supreme Court

and its judges chose not to support our Constitution and cause action towards these officers of the court at all.

For relief in this action plaintiff seeks a writ of mandamus "to cause the legislature and executive branch officials" to remove state judicial officers for "misbehaving and disability."

**Discussion**

It is not entirely clear what claims plaintiff is seeking to bring against the Missouri Supreme Court and what relief he is seeking in this matter. It appears, however, that plaintiff disagrees with rulings made by Associate Circuit Judge Kristie Swaim in a state criminal case filed against him in April of 2020. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair County Court). In the criminal case cited by plaintiff in his complaint, plaintiff was charged with possession of a controlled substance (methamphetamines), represented himself in a one-day jury trial held on August 1, 2022, and was sentenced to seven (7) years imprisonment in the Missouri Department of Corrections. *Id.* As noted above, it appears that plaintiff was released on parole in late 2022. Plaintiff's conviction and sentence was upheld on appeal. *See State v. Williams*, No. WD85840 (Mo.Ct.App. 2024). And the Supreme Court of Missouri declined plaintiff's application for transfer the matter to that Court for review. *State v. Williams*, No. SC100551 (Mo. 2024).[1]

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254 after plaintiff has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent plaintiff is seeking to overturn his conviction, plaintiff must

---

[1] Plaintiff filed a motion for post-conviction relief of his conviction on June 5, 2024. The matter is currently under advisement. *See Williams v. State*, No. 24AR-CV00443 (2nd Jud. Cir., Adair County Court).

wait until the conclusion of his post-conviction process to file an application for writ of habeas corpus in this Court.

To the extent plaintiff is seeking to imply the invalidity of his conviction or sentence, plaintiff cannot seek to do so under § 1983 unless his state sentence has been reversed, expunged or called into question by a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The rule espoused in *Heck* pertains even to plaintiff's injunctive relief claims. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Even if plaintiff had the ability to file a § 1983 claim at this time, his claims against the State of Missouri (the Missouri Supreme Court), would be subject to dismissal. To the extent plaintiff is attempting to sue the judges of the Missouri Supreme Court they have judicial immunity from suit. *See Schottel v. Young,* 687 F.3d 370, 373 (8th Cir. 2012) and *Duty v. City of Springdale, Ark.,* 42 F.3d 460, 462 (8th Cir. 1994).

Furthermore, the Eleventh Amendment bars suit against a State and its agencies, as well as against state courts.[2] *See Mildfelt v. Circuit Court of Jackson Cty., Mo.,* 827 F.2d 343, 345 (8th Cir. 1987); *Harris v. Missouri Court of Appeals, Western Dist.,* 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another

---

[2]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

state. *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.,* 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)). As such, plaintiff's claims against the Missouri Supreme Court, its judges, and the State of Missouri are subject to dismissal.

**Conclusion**

Plaintiff has pled no facts from which the Court could find a claim to relief that is plausible on its face. Because plaintiff has brought so many similar cases in this Court previously and has consistently failed to plead a claim that passed initial review under § 1915(e)(2)(B), the Court will dismiss this action without granting leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**. An Order of Dismissal will accompany this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 15th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE